Ruffin, Judge.
 

 — The bill is framed upon the rule in
 
 Ryden
 
 v.
 
 Jones
 
 (1
 
 Hawks
 
 497) and moreover charges an actual fraud in the purchase by
 
 Jenkins
 
 at under value, by means of a sale of all the negroes in a lump, on ten' days credit. The doctrine of that and similar cases is recognized throughout. An executor buys at his own risk ; and no matter how openly, nor for how full price, he holds purely at the election of the legatee. Nor could this case be distinguished from those, by the introduction of
 
 Rountree,
 
 as a third person, provided he purchased in conjunction with the administrator. He who knowingly connects himself with a trustee in a breach of trust (and he must do it knowingly, if he purchase from him on joint account) must abide the fate of his faithless companion, whatever form the transaction may assume.
 

 His Honor, after stating the substance of the answer, as above, proceeded ; Without scanning the de
 
 *425
 
 positions minutely, it is sufficient to say, that the answers are fully sustained by the proofs. And the * „ ... Witnesses disclose another fact, not mentioned m the answers, which strongly rebuts the charge of collusion • which is, that
 
 Jenkins’s
 
 last bid was $>25 upon that of
 
 Rountree
 
 of Si.000. Every person present, members of the family as well as strangers, thought the whole, business fairly conducted ; and in particular, a lady, wiio is taken to be the widow of the testator, urged
 
 Rountree
 
 to purchase, as he already owned the mother of the, hoys. From this state of the facts, it is manifest, that the case is not within the principle upon which the bill goes. If indeed the case of the Defendant, Rountree, rested upon the purchase by Jenkiiis-, it would necessarily give way j for as affecting the title to the slaves, that is amere nullity. Such indeed seems to have been as much the actual intent of
 
 Jenkins,
 
 as it is the conclusion of law. He did not design a purchase for his own benefit, lie did not for a moment claim an individual interest. But being desirous of obtaining flie best price, be run the property up against
 
 Rountree,
 
 until it finally fell on himself; and finding that he was unable to sc<‘ew
 
 Rountree
 
 higher, he afterwards sold to him for the same price.
 
 Rountree’s
 
 purchase was therefore a separate and distinct transaction ; of which the validity is not dependent upon the previous purchase of
 
 Jenkins,
 
 but upon the general authority of the latter, as administrator, and the actual
 
 lona Jides
 
 of the parties in this last and only real sale. And there seems to be nothing in the conduct of the pur chaser, that can taint his title. It is to be expected, that he will buy as low as he can ; and he is not to advise in what lots the property is to be offered, nor be responsible. for an injudicious arrangement. If indeed the smallness of the price, the insolvency of the executor, or in a w ord, the whole face of the proceeding, showed a collusion between the vendor and vendee, Equity would roach the property. But there is no pretence for that here-; for an
 
 *426
 
 inadequate price essentially enters into that proposition j a)H| a¡j ^|!e witnesses prove, that the sum of gl,025 was the ful! value of the negroes, as they were purchased by
 
 ]{ounireef
 
 namely,
 
 in one lot•
 
 Nor could the price have altered
 
 Rountree’s
 
 right, notwithstanding the said in a lump, had he purchased at a public sale, otherwise fairly conducted. The hill must therefore be dismissed, as against the administrator of
 
 Rowiti'ce,
 
 with costs.
 

 A sale in the lump may be attended with very different consequences to the administrator himself. The Court does not favor sales by executors in large masses. Most commonly the articles sell best, singly; and therefore, they ought, in general, to be so offered. It is not exactly like sales by Sheriff', whioliought tobe most strictly watched ; for as only so much as will satisfy the execution ought to be sold, so only so much as will probably satisfy it, ought to be set up. In sales by executors, the whole is to he sold at all events, by the terms of the wilt And it is the duty of the executor to get the most he can. Sometimes, indeed, as much, or more can be had, when the property is disposed of in one, than in more parcels, as in the instance of
 
 a family of
 
 slaves, when the children are
 
 all
 
 of tender years. But he, who conducts such a sale, does it at his peril, and must answer for the true value, where the price has been materially affected by the mode of sale. It would certainly have been harsh to separate these four boys, and sever ties which bind even slaves together. True, it must be done, if the executor discovers that the interest of the estate requires it $ for he is not to indulge his charities at the expense of others. But the Court would not punish him for acting on the common sympathies of our nature, unless in so doing he hath plainly injured those, with whose interests he stands charged.
 

 This doctrine however does not directly apply to the case before us; for it can only embrace sales regularly made by auction, according to the common course. If
 
 *427
 
 «Lo executor sell in that way, tlie ps-ice actually obtained is his justification, unless it has been diminished by Lis mismanagement ot* fraud. But if he take upon himself to depart from his plain line of duty by selling by private contract, he makes himself responsible for the true value, without reference to the price obtained, unless perhaps in very extreme cases of necessity. In such case, he can derive no help from the fact, that he disposed of each single article by itself; nor su flier detriment from selling the whole together. In each case, he puts himself upon the single point, that as ranch, or more, has been got in that way, than could have been got hy auction, in this respect only, is the purchase of
 
 Jenkins
 
 at ids public ¡jale material la this case. Under (he circumstances proved, it is denned a fair criterion of the highest price. Besides that, all the witnesses think it a lair one, and some of them that it is higher than the real value, and that nobody but
 
 Jiounlree,
 
 who owned (he rest of the family, would have given as much, if the negroes had beer; severally sold. Indeed, it speaks for itself, being’ $253 2? each, far little children. The Court, therefore, cannot hut approve of the conduct of the administrator before us.
 

 There is a prayer, in case the Plaint ills cannot recover the slaves themselves, for au account of :he
 
 proceeds.
 
 This involves a general account of
 
 Jenkins’
 
 administration- — au account, to which the next of kin have no primary right, but only the administrator
 
 de bonis non
 
 of the testator ; and he is not made a party. In strictness, as the cause has been brought to a hearing without him, (he bill might be dismissed ; and perhaps it ought, as no application was made for an account before filing the bilk and the main scope of it touches the title to the slaves);, and is whollygroundless. But as
 
 Jenkins’
 
 administrators submit in their answer, to an account with the Plaintiff for their shares, without making objection to the want of parties, the Court will permit the cattse to stand over.
 
 *428
 
 as to the administrators and next of kin of
 
 Charles Jen-^ns,
 
 a reasonable time for amendment. But in the mean while, these Defendants are entitled to their costs Bp
 
 to
 
 this time.
 

 Per Curiam.
 

 — Declare that
 
 Charles Jenkins
 
 did not purchase, and did not intend to purchase, at the public sale made by him, the slaves in the pleadings mentioned, for his own use, or that of
 
 William Rountree;
 
 but that'he bid, merely to run up the price for the benefit of the es tate of
 
 Willie Cannon
 
 ; and declare further, the said purchase by
 
 Jenkins
 
 to be merely void. Declare further, that on the day of public sale, and after it,
 
 William Roun-tree
 
 purchased from said
 
 Charles,
 
 as administrator, for a valuable consideration, and without collusion, by a new agreement, distinct from the purchase aforesaid of said
 
 Charles
 
 — and decree, that the bill be now dismissed, as against the Defendant,
 
 Jesse Rountree,
 
 with costs.
 

 Declare further, that the said
 
 Charles
 
 is liable to the estate of his testator for the actual value of said slaves, because he did not s<jIl them at auction ; but that, file said price obtained from the said
 
 Rountree,
 
 was a fair and full one, and therefore tiie Court doth, under the circumstances, approve of the sale to the said
 
 William,
 
 at that price. — And because the Plaintiffs cannot proceed to the taking,of an account of tiie estate of the testator, which came to the hands of said
 
 Charles,
 
 without having tne administrator
 
 de bonis non
 
 before the Court, let the cause be retained, as against the other Defendants, with li-bar ty to the Plaintiffs to add parties, &c.