.Daniel, Judge,
 

 after stating the facts as above set forth, proceeded as follows : — It appears to us that the title to the slave, which at law was in the executors, was
 
 bona fide,
 
 and for a full consideration transferred by the- executors to the' widow. The act of Assembly (Rev. stat. 275) provides, when the estate of a person deceased shall be so far indebted, that the debts cannot be discharged by the moneys on hand, or by the sale of the perishable commodities, then it is and shall be the duty of every executor or administrator to sell the goods and chattels at public sale for the most that can be got for them, after public advertisement, first obtaining an order of the court of the county for that purpose. The executor or administrator might before the passage of the act, have sold
 
 bona fide
 
 the goods and chattels of the testator or intestate. The Ipgal title was in him, and an honest purchaser from him, would always have acquired a good title. The common law on this subject, is not repealed by this act. The statute is only directory, which however it would be well always to follow, for if the executor or administrator fails to obtain as much at private sale, as would have ir been got at public vendue, he or they would be bound to make good the deficiency out of their own pockgts.
 
 Cannon v. Jenkins,
 
 1
 
 Dev. Eq. ca.
 
 427. We are of opinion from full examination of this case, that the plaintiff has no ground to entertain this bill, and that the same must be dismissed. Costs are not’given to the defendants because the purchase not having been made in the mode directed by the act of assembly, the defendants ought to bear a share in the ex- , pense of investigating the good faith of the transaction.
 

 Pee Curiam. Bill dismissed.