Pearson, J.
 

 The answers of Armistead and Latham, as well as that of Corprew, are evasive and unfair, and, taken in connection with the testimony, create a strong suspicion, that the facts are, that, in January 1S42, Corprew, being pressed for money and his property being all under execution, borrowed of Latham 86650, at a premium of ten per cent, to be returned at March Court, when Latham had promised to return it to one Gaither, of whom he had borrowed it to “
 
 accommodate”
 
 Corprew: That on the 25th of February, in order to raise the money for Latham, Corprew, in his presence, sold the note in question, appearing on its face to be the property of the intes
 
 *77
 
 tate, to Armistead, at 25 per cent discount — received the nett proceeds in cash and paid it to Latham, and that. Armistead knew, that the' money was to be so applied, If these facts had been established by the proof, the plaintiffs would be entitled to the decree, prayed for. But the answers deny the material facts, and the proof is not sufficient to weigh them down.
 

 As to Armistead, he bought the note and knew that it was the property of the intestate; but he denies, that any part of the price was applied to the payment of the debt due to him by the administrator. This is true. He denies, also, that he knew of an intention on the part of the administrator to misapply the fund. The proof does not show this to be untrue. He knew the administrator was hard pressed and that all of his propaaj^^p^under execution — in fact, one of the executU^A\®^i|rffif!f^|ror for near $ 1000 ; he knew the note wafe entirely gooS^md, it being unusual for administrators j/pTfJtfytr“^f»J?otep must have suspected from the
 
 ram
 
 ofoiscTOilí^MEmitted. to, that the object of the admii^stj^jog-^vasjto mike a misapplication of the fund. This\would be ^ffrci^ht to subject a purchaser from a trustee, wI^6S;^gíi»»T!r^TÍJwer to sell, and, it may be, a purchaser from a guardian,-but it is not sufficient to subject a purchaser from an administrator ; for an administrator has a right to sell all of the personal estate, notes as well as chattels, and the purchaser is not bound to see to the application of the money, and cannot be made liable, unless he is fixed with notice, as by sh ewing, that the proceeds are applied to a debt of his own ; which would not only fix him with notice, but make him a participator in the fraud, or by shewing, in some other way, that he had actual notice of the intended misapplication. Putting him on enquiry, or constructive notice, will not do. The exigency of estates sometimes makes a sale of notes necessary.
 
 Tyrrel
 
 v.
 
 Morris,
 
 1 Dev. & Bat. Eq. 560.
 
 Scott
 
 v.
 
 Tyler,
 
 2 Dickens 725,
 
 *78
 

 McLeod
 
 v.
 
 Drummond, 17
 
 Vesey 151, which case is taken not to encourage “concerted” fraud. The powers of executors and administrators must not be “cramped.”
 

 Exum v Bowden,
 
 4 Ire. Eq. 281;
 
 Fox
 
 v.
 
 Alexander,
 
 and
 
 Powell
 
 v.
 
 Jones,
 
 1 Ire. Eq. 340 and 337, are cases, in which guardians disposed of the notes of their wards, and the purchasers took the notes in payment of their own debts.
 
 Bunting
 
 v.
 
 Ricks, 2
 
 Dev. & Bat. Eq. 130, was the case of the Clerk of a Court, trading a note deposited in his office, and then, too, the purchaser took it in part payment of his own debt.
 

 When a trustee sells the trust fund, the purchaser must put himself on the footing of having an
 
 equal equity
 
 with the
 
 cestui que trust,
 
 and this he cannot do, if he has notice, actual or constructive, of the trust; for, as the trustee has no right to sell, the sale amounts to a breach of duty, in which the purchaser, of necessity, participates, without reference to the application of the fund. Whereas an administrator has a right to sell, and the sale is no breach of dut}q the purchaser is innocent, unless he is privy to a misapplication of the price, and knowingly aids, by his purchase, an intended fraud.
 

 As to Latham, if he received the price from the administrator, he would be liable ; but he denies having re. ceived any part of it, and the proof does not establish the contrary ; for he did not pay back the money to Gaither until near three weeks after the note was sold, and the money cannot be traced during the intermediate time.
 

 Per Curiam.
 

 Bill dismissed, but without costs.