Rupfin, C. J.,
 

 The answer for the defendant Doster-makes a clear case for him, if sustained as.-true; for, there is no. doubt that an administrator may sell or pledge the as», sets, or discount a note belonging to the estate, and that the-party who deals with him will get a good title, provided he deals honestly; for the legal title is in the administrator, and the purposes of the estate may require lire representative thus to dispose of parts of it.
 
 Cannon
 
 v
 
 Jenkins, 1
 
 Iredell’s Eq. 422,
 
 Terrell
 
 v
 
 Morris,
 
 1 Dev. & Bat. Eq. 559. The subject was fully discussed in a recent case of
 
 Gray
 
 v
 
 Armistead,
 
 6 Ire. Eq.; and there needs no more to be said
 
 *234
 
 on it now. But the Court is obliged to admit, that the answer is not supported by the evidence. On the contrary, notwithstanding the clear and explicit statement in the answer, the proofs, both direct and circumstantial, contradict it very clearly, and - establish the truth to be, as charged in the bill, that Richardson was previously indebted to Doster on his own account, and was unable to pay him with effects of his own, and that Doster, in order to save his debt, took '.McKorkle’s bond in satisfaction of it — seeing on the face of the bond; indeed, knowing, as admitted in the answer, that it was part of Starnes’ assets. It is settled law, that when a person gets from an administrator, or other person, acting in a fiduciary capacity, the trust fund, or any part of it, as payment of the triisteee’s own debt, that person caiinot hold the fund from the
 
 cestui que trust,
 
 any more than the original trustee could; for, it is a clear fraud, in violation of the obligations of the trust, in one of the parties, and a concurrence in the fraud by the other; and both are equally liable.
 
 Bunting v Ricks,
 
 2 Dev. & Bat. 130,
 
 Exum
 
 v
 
 Bowden,
 
 4 Ire. Eq. 281. The next of kin of Starnes could, therefore, have recovered this money from the defendant Doster; and the same cases show, that the plaintiff who, as surety for the administrator, has paid them, is entitled to a decree-against him for it at once, since the defendant Doster now admits the insolvency of Richardson, and his
 
 devastavit,
 
 and declines asking any enquiry on those points..
 

 Per Curiam, Decree for the plaintiff.