Peaksox, C. J.
 

 An administrator has a right to sell or discount a note belonging to the estate, for the legal title is in him, and the exigency of the estate may make the conversion expedient. But, when one takes a note of the estate from an administrator,
 
 mala fide,
 
 as for instance in payment of his own debt, so as to be a guilty participator in the abuse of power, he cannot hold the fund from the next of kin, or those who are entitled to be substituted in their stead, unless the administrator could have resisted their claim, on the
 
 ground
 
 that he was in advance for the estate, and consequently did not abuse his power, but had a right to apply the note to his own purposes by way of reimbursement;
 
 Wilson
 
 v. Roster, 7 Ired. Eq. 231, where the subject isfully discussed, and the cases cited-.
 

 In respect to the cash payment, $200, and the payment by means of Spruill’s note $859, the transaction does not come within the prohibition of the rule above stated. But, in respect to the sum of $1,475, which was entered as a credit on the note of the administrator, the prohibition does apply, unless the administrator was in advance for the estate, and for that reason had the right to use the funds of the estate for his reimbursement. In order to ascertain how this matter stood, an account was taken, by which it appears the administrator was in advance to the full amount of the credit, less the sum
 
 *170
 
 of $113.06. So, the appropriation was rightful except as to that amount, as to which the plaintiffs are entitled to a decree for a rateable part except Eriley Moore, ■whose claim is affected by an equity of the defendant, Sherrod, which is set up by the cross bill.
 

 Among the vouchers of the administrator, are “ accounts paid,” to the amount of $681.15, and it seems there are
 
 notes
 
 due by the intestate still unpaid to the amount of $1,576.52, and the question was suggested, whether, under these circumstances, he was entitled to claim the amount of the “accounts paid” as so much advanced for the estate. We can see no sufficient reason why, he is not so entitled. The accounts paid are admitted to have been just debts due by the intestate. How far he has made himself liable to the note creditors by not giving to them the preference to which they are entitled in a due course of administration, over simple contract creditors, is not now the question ; but simply, was he in advance for the estate, by having paid off debts of the estate? If so, he was entitled to reimburse himself by mating an appropriation of the note in controversy ; at all events, that fact is sufficient to repel the equity of the next of kin, or the plaintiffs who claim to be substituted in their stead, to follow the fund in the hands of the defendant, Sherrod.
 

 The cross bill was brought to a hearing with the original bill, and relieves the Court from any embarrassment, as to the manner in which the decree should be modeled, so as to mete out justice to all of the parties. Eriley Moore was the surety of the administrator to the note on which the defendant, Sherrod, entered the credit. So, he has had the full benefit of it, and so far from having an equity to hold the defendant, Sherrod, responsible, the latter has a plain equity against him to recover so much of the $113.06, as is recovered of him by the other plaintiffs in the original case, for in effect, he will have paid that amount on a note to which the said Friley Moore was surety, which being in his exoneration, falls under the well settled doctrine of subrogation.
 

 Per Curiam, Decree accordingly.