*J. A. DICKSON et al., Executors of Jacob Harshaw, deceased, v. L. A.
    CRAWLEY, Administrator of J. A. Dickson, deceased.

### *Quando Judgment—Assignment by One Executor—Limitations—Presumption of Payment.*

1. A private sale of a *chose in action* by an executor or administrator,
   if made in good faith, is valid.

2. A sale by one of several executors will pass title to the purchaser.

3. Where a judgment was obtained against an administrator of a
   decedent and his surety in 1869 on a cause of action arising and
   in a suit commenced before the adoption of the Code of Civil
   Procedure, the judgment being *quando* as to the administrator and
   absolute and final as to the surety, an action on the latter was a
   new *causa litis* and governed by the statute of limitations as pre-
   scribed in *The Code*, while the statute of presumptions under the
   prior law is alone applicable to the action on the *quando* judgment
   against the administrator.

4. Where an administrator against whom a judgment *quando* was taken
   in 1869, in an action begun prior to the Code of Civil Procedure,
   died soon thereafter and administration *de bonis non* was not taken
   out until 1886, and suit was brought on such judgment in 1890:
   *Held*, that no presumption of payment can arise, inasmuch as in
   computing the time under the statute the period during which
   there was no administration must be excluded.

5. Presumption of payment not having arisen on a judgment *quando
   acciderint* taken against an administrator of a deceased principal
   in an action commenced before *The Code*, the fact that an action

---

*AVERY, J., did not sit on the hearing of this cause.

is barred on the judgment absolute and final taken at the same time against the surety raises no presumption of payment of the judgment *quando*, for as the statute of presumptions does not apply to the judgment absolute the rule that a presumption of payment as to one is a presumption as to all has no application.

CIVIL ACTION, brought in the name of John A. Dickson, J. N. Harshaw and J. C. Hallyburton, executors of Jacob Harshaw, deceased, against Joseph Brittain, administrator *de bonis non* of John A. Dickson, tried by *Armfield, J.*, and a jury, at Fall Term, 1892, of BURKE Superior Court.

The plaintiff Dickson declared on a judgment rendered at Spring Term, 1869, of Burke Superior Court (held 29th of May, 1869) in favor of Jacob Harshaw against W. S. Moore, administrator of John A. Dickson, and W. F. McKesson for the sum of $480.55, with interest on $300 from said date till paid, which judgment was assigned to plaintiff Dickson. On the call of the case for trial the defendant offered the affidavit of J. T. Perkins for a continuance, and the same was admitted by the plaintiff Dickson, which affidavit reads as follows:

John T. Perkins, being duly sworn, says: "That J. C. Hallyburton, who is the surviving executor of Jacob Harshaw, is an important witness for the defence in this action in that he told the affiant that he never agreed to the assignment of the judgment sued on in said action, and never authorized the bringing of the same; that the said Hallyburton is under subpœna, and absent without the consent of affiant, and affiant believes he will so testify, wherefore affiant prays that cause be continued."

The plaintiff then offered in evidence a paper-writing signed by J. N. Harshaw as executor of Jacob Harshaw, purporting to assign said judgment to plaintiff Dickson for value. The defendant objected to said paper-writing as evidence of the assignment upon the ground that one of two

co-executors could not execute a valid assignment, and that both the executors together, had they joined, could not execute a valid assignment of this judgment. The objection was overruled by the Court, and the defendant excepted.

The plaintiff offered in evidence the judgment docket showing the judgment declared on to be *quando* as to Moore, administrator of J. A. Dickson, and absolute as to McKesson for $480.55.

It was admitted and agreed that John A. Dickson died on the 18th of October, 1861, and that in August, 1862, Moore was appointed his administrator; that Moore died in 1869, and that there was no administrator of the estate of John A. Dickson till the appointment of Joseph Brittain on the 23d of December, 1886, and that the estate of John A. Dickson was still unsettled, and that this action was brought on the 16th of May, A. D. 1890; that said judgment was not presented to Brittain, administrator *de bonis non*.

It was admitted that Brittain, administrator *de bonis non*, died on the — of January, 1891, and that shortly thereafter, in 1891, L. A. Crawley was appointed and qualified as administrator *de bonis non* of said John A. Dickson, and was made a party defendant to this suit and filed an answer.

It was admitted that Joseph Brittain on his appointment gave the notice required by law for creditors to present their claims against his intestate within twelve months from the 14th of January, 1886.

The defendant asked his Honor to instruct the jury that the action was barred by the statute of limitations, or the statute of presumptions. His Honor declined to give the instruction, but told the jury that the action was not barred, either by the statute of limitations or presumptions, and the defendant excepted. His Honor held that the judgment sued on was a judgment *quando* as to Moore, administrator, and absolute as to McKesson, and defendant

excepted. Under the instructions of his Honor, not excepted to except as above set forth, the jury found the issues submitted to them for the plaintiffs. His Honor gave judgment for plaintiffs, and the defendant appealed.

*Mr. S. J. Ervin,* for plaintiffs.
*Messrs. J. T. Perkins* and *I. T. Avery,* for defendant (appellant).

SHEPHERD, C. J.: The objection that there was no legal assignment of the judgment to the plaintiff Dickson is without force. A private sale of a *chose in action* by an executor or administrator, if made in good faith, is valid, although, says DANIEL, J., it would be well to follow "the direction of the statute; for if the executor or administrator fails to obtain as much at private sale as would have been got at public vendue, he or they would be bound to make good the deficiency out of their own pockets." *Wynns* v. *Alexander,* 2 Dev. & Bat. Eq., 58 ; *Gray* v. *Armistead,* 6 Ired. Eq., 74. In the case of several executors (unlike the case of several administrators) a sale made by one will pass the title (*Gordon* v. *Finlay,* 3 Hawks, 239), but we do not see how this latter point arises in the present action, as both of the executors are parties plaintiff and allege that the judgment was assigned to Dickson, their co-plaintiff. This would be a ratification of the act of the co-executor making the sale, had such ratification been necessary.

Neither do we see any error in the ruling of his Honor that the plaintiff was not barred by lapse of time. The judgment was taken against W. S. Moore, administrator of John A. Dickson, deceased, and W. F. McKesson as surety, at Spring Term, 1869, the action having been commenced prior to the adoption of the Code of Civil Procedure.

The judgment as to McKesson was absolute and final, and being a new *causa litis* is governed by the statute of limitations prescribed in *The Code*. As to the administrator of said Dickson, it was a judgment *quando acciderint*, and the statute of presumptions under the prior law is alone applicable. *Gaither* v. *Sain*, 91 N. C., 304; *Smith* v. *Brown*, 99 N. C., 377. The said administrator Moore died in 1869, and there was no administration upon the estate of Dickson until 1886. This suit having been commenced in 1890, it must follow that no presumption of payment has arisen, as it has been decided that in computing the time under the statute the period during which there was no administration must be excluded. *Long* v. *Clegg*, 94 N. C., 763; *Baird* v. *Reynolds*, 99 N. C., 469.

It is urged, however, that the law raises a presumption that the judgment has been paid by the co-judgment debtor, McKesson, and that the plaintiff must rebut such presumption. It must be noted that this action is not against McKesson, but on the *quando* judgment against the representative of Dickson. As we have seen, no presumption of payment has arisen on this *quando* judgment, and as the statute of presumptions was never applicable to the final judgment against McKesson, we are of the opinion that the authorities which hold that a presumption of payment as to one is a presumption of payment as to all have no application to this case. The other exceptions have been examined and are untenable.                       Affirmed.