W. W. COX, Trustee v. FIRST NATIONAL BANK OF WILSON.

*Executors — Trustees — Banks — Transfer of Stock in Bank—Negligence of Bank—Notice of Provisions of Will Bequeathing Stock.*

1. Trustees having no right to sell trust property unless authorized by the instrument creating the trust or by an order of court of equity, persons purchasing from them do so at their peril.

2. An executor has the right to sell or pledge securities belonging to the estate only for the purposes of the estate, and, in the absence of collusion, the purchaser need not look to the application of the proceeds.

3. Where stock in a bank was bequeathed to trustees in trust for one for life, with remainder over, and the executors of the estate, by a simple endorsement, without indicating whether the transfer was a sale or payment of the legacy, transferred the certificate to the life beneficiary, who transferred it to the bank, which had notice of the provisions of the will, but did not make inquiry as to the nature of the transfer; and it further appeared that the condition of the estate did not necessitate a sale of the stock by the executors; *Held*, that the bank was negligent in not making the necessary inquiries, and is liable for the loss of the stock to the remainderman.

CIVIL ACTION, tried before *Starbuck, J.*, at Spring Term, 1896, of GREENE Superior Court. There was judgment for the plaintiff, and defendant appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. G. M. Lindsay* and *Shepherd & Busbee*, for plaintiff.

*Mr. H. G. Connor*, for defendant (appellant).

FAIRCLOTH, C. J.: The plaintiff instituted this action against the defendant bank for the value of ten shares of

stock issued by the bank.   S. P. Cox executed his last will
and testament, and died in August, 1882, leaving A. L.
Darden, Charles P. Farmer and H. G. Williams, execu-
tors thereto, who were qualified and entered upon the dis-
charge of the duties of their office.   In the first item of
the will (which is all we have in the record) S. P. Cox
gave and bequeathed to W. W. Cox (plaintiff), Charles P.
Farmer and O. C. Darden, among other things, ten shares
of stock in the defendant bank, in special trust for his
wife for life, and after her death for the use and enjoy-
ment of his daughter, Frances E. Williams ; and if she
died, leaving no living heir of 21 years of age, then the
remainder to his living children, and if none be living
then to his grandchildren.   The ten shares of stock
remained on the defendant's books at the death of S. P.
Cox and in his name.

The widow died in 1892, and Frances E. Williams died
in March, 1895, never having had any issue.   Frances E.
Williams presented to the bank the certificate of ten
shares of stock, with the following endorsement thereon :
" For value received we hereby sell, assign and transfer
to Frances E. Williams ten shares of the capital stock of
the First National Bank of Wilson.  This 21st February,
1883." (Signed and sealed by A. L. Darden, H. G. Will-
iams, Jr., and Charles P. Farmer, Executors of S. P. Cox.)
Endorsed also : " Transferred to Frances E. Williams
March 15, 1884.".

On the last day named the bank issued two certificates
of stock to said Frances for five shares each, and on the
second day thereafter she sold and assigned the certificates
to the President of the bank.

At the trial this issue was submitted : " Did the defend-
ant bank, at the time of its taking up the certificate of the
shares of stock and the issuing of new certificates of shares

of said stock to Frances E. Williams, have actual notice of
the provisions of the will of S. P. Cox?" And the jury
answered "Yes," and in the case sent to this Court it is
admitted that the estate of S. P. Cox was amply solvent,
and that the exigencies of administration did not require
his executors to sell said shares of stock to make assets.

Each party moved for judgment, and the court rendered
judgment in favor of the plaintiff for $1,000, interest and
costs. Defendant excepted, and this is the only exception
in this case.

Upon these facts, the question seems to be whether the
defendant exercised due care in taking up the original
stock and issuing new certificates in lieu thereof to one
absolutely who, under the provisions of the will, was enti-
tled to only a life-estate, or whether it was negligent in
not making inquiry, and thereby became liable for the loss
of the plaintiff in consequence thereof. We have no direct
authority on the question, and it must be settled upon
principles of common reasoning.

The rights of stockholders and persons interested in
stock are placed by law under the protection of the bank,
so far as concerns the transfer on its books. The defend-
ant bank, as a corporation, is made the custodian of the
shares of its stockholders, and is clothed with power to
protect the rights of every one from unauthorized trans-
fer. It is a trust placed in its hands for the protection of
individual interests, as well as its own, and like every other
trustee, it is bound to execute the trust with proper diligence
and care, and is responsible for any loss sustained by its
negligence or misconduct. A bank is bound by the same
obligations, moral and legal, that apply to the case of an
individual, unless explicitly exempted by law. *Thurber*
v. *Bank*, 52 Fed. Rep., 514.

COX *v.* BANK.

We need not consider what constitutes constructive notice of the contents of the will, because the jury have found that defendant had actual notice of the will of S. P. Cox. It may be stated briefly that the assent of an executor to a legacy for life, where there is a remainder, is an assent to the remainderman's legacy, because the two constitute in law one legacy. If there be no remainder over, or if the executor needs the property after the life-estate expires, to perform some other duty or trust, then such an assent is limited to the life legacy. *Howell* v. *Howell*, 3 Ired. Eq., 522 ; *McKoy* v. *Guirkin*, 102 N. C., 21.

The defendant insists that there was a sale of the original certificate by the executors to the said Frances for value, and that was sufficient to justify it in issuing new certificates for the absolute interest. It will be observed that defendant's answer does not aver that there was a sale, or that anything of value was paid, nor is there any evidence of such facts except the endorsement of transfer on the back of the original certificate of stock.

Trustees have no authority to sell the trust property, unless authorized by the instrument creating the trust or by an order of the Court of Equity, and purchasers buy from them at their peril.

Executors have the right to sell or pledge notes of hand as well as chattels, and the sale is no breach of duty, for the purposes of the estate may require such sales, and the purchaser is not held liable for any misapplication of the proceeds unless collusion between the two appears, as if the sale was to pay an individual debt of the purchaser. *Gray* v. *Armistead*, 6 Ired. Eq., 74.

A sale of such notes, &c., however, is not usual and should invite attention to the reasons for so doing.

It is to be regretted that we are not better informed as to the truth of the matter in the present case. It was easy

119—20

to have shown whether there was an actual sale for value to said Frances, or whether the certificate was transferred as her legacy, or whether it was done in payment of something due her in the general settlement of the estate. On these important questions the record and proofs are silent; and the endorsement on the certificate, which may be used either in case of an actual sale or transfer and delivery as a legacy, is alone relied upon as sufficient evidence of an actual *bona fide* sale.

The case then is this: On the one hand, the original stock stood on the books in the name of the testator, with actual knowledge of the contents of the will, wherein this stock was directed to be held by trustees for successive parties, including the said Frances for life; and about two years after testator's death said life-tenant presents said stock to the bank and demands new certificates for the absolute interest in the original stock. On the other hand, the bank officer sees on the back of the certificate what is in form, and purports to be a sale for value, signed by the executors, one of whom is one of the trustees appointed in the will.

We are led to the conclusion that a prudent business man with these facts before him would have made further inquiry, which was easily done by looking at the executor's returns in the clerk's office, or by asking the executors themselves, or by simply asking the life-tenant, Frances, when she demanded new stock at the counter of the bank, what was the truth of the matter. But nothing of this kind was done. We think, therefore, that the defendant and its officers were negligent in this respect, and are liable for the loss of the plaintiff in consequence thereof. We do not think that the inference from the endorsement on the original certificate is sufficient to overcome all the facts and circumstances before recited.

Affirmed.