MINNIE L. FELTON, MATTIE E. DANIELS, NELLIE B. FELTON, AND
PATTIE W. NORFLEET v. EALEY A. FELTON, ADMINISTRATOR OF
W. J. FELTON, DECEASED, U. S. FIDELITY & GUARANTY COMPANY,
J. R. STOKES, AND ALPHONSO REED.

(Filed 2 March, 1938.)

**1. Executors and Administrators § 32—**

While the executrix is alive and the administration is not completed by
payment of all debts or the exhaustion of all assets, and the distribution
of the estate, the distributees may maintain an action for alleged waste
or *devastavit* committed by the administratrix.

**2. Executors and Administrators §§ 9, 30d—Personal representative may
sell choses in action at private sale in good faith.**

An administratrix may sell notes and choses in action of the estate at
private sale without authorization from the court, and the purchaser
obtains good title if the sale is made in good faith and for value, and
C. S., 69, does not abrogate this common law rule, since the statute merely
makes the obtaining of a court order permissive but not mandatory.

**3. Statutes § 5a—**

Ordinarily, when a statute employs the word "may" its provisions will
be construed as permissive and not mandatory.

**4. Executors and Administrators §§ 9, 30d: Pleadings § 28—Pleadings
held to raise issue of fact for jury and granting of judgment on the
pleadings was error.**

When the purchasers of choses in action at private sale from an admin-
istratrix allege that the sale was made in good faith for value, the plead-
ings raise an issue of fact for the jury, and the granting of plaintiff
distributees' motion for judgment on the pleadings in their action against
the administratrix for *devastavit* and to set aside the sale, is error.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Frizzelle, J.,* at November Term, 1937, of
PERQUIMANS.

Action to recover value of note for *devastavit.*

The uncontroverted facts are: The plaintiffs are the children, and the
defendant, Ealey A. Felton, is the widow of W. J. Felton, who died in
October, 1931. The widow qualified as administratrix of the estate of
the decedent on 10 November, 1931, and executed bond with the U. S.
Fidelity & Guaranty Company as surety. In the course of the adminis-
tration a promissory note in the sum of $2,500, executed by Henry B.
Williams, payable to W. J. Felton or order, secured by a mortgage deed
on a lot of land in the town of Hertford, North Carolina, and on which
there was due a balance of $1,500, came into the possession of the admin-
istratrix who sold at private sale and assigned and delivered the note

and mortgage to defendant J. R. Stokes. On petition of J. R. Stokes the clerk of the Superior Court appointed H. Clay Stokes, son of J. R. Stokes, as "trustee in the mortgage" in lieu of the original mortgagee. At foreclosure sale by H. Clay Stokes, trustee, J. R. Stokes bid in the property described in the mortgage for the price of $500.00, and pursuant thereto deed was made to him. He in turn sold and conveyed the lot to defendant, Alphonso Reed, who entered into possession, but has not paid the purchase price.

Plaintiff alleges in substance: That the administratrix sold the note to J. R. Stokes for the sum of $155, of which $85 represented her personal indebtedness to Stokes; that at that time the value of the lot which secured the note was not less than the total principal and interest due thereon; that the condition of the estate did not justify a sale of the note; that the sale constituted a waste or *devastavit;* that the administratrix has filed a final account and there are no debts against the estate, and therefore the distributees are the real parties in interest; that the administratrix is insolvent; that the appointment of H. Clay Stokes as substitute trustee, the sale and deed by him to J. R. Stokes, and the deed from J. R. Stokes to Alphonso Reed are void.

The defendants J. R. Stokes and Alphonso Reed filed answer in which they deny material allegations of the complaint and assert in substance: That the administratrix "in the course of her administration of said estate found it necessary to convert said note into cash, in her opinion"; that at that time the maker of the note was insolvent, the property securing the note was in a bad state of repair, and taxes aggregating $600.00 to $700.00 due to the town of Hertford and the county of Perquimans were a first lien thereon; that she offered the note for sale to a number of people in the vicinity who were able to buy it; that the offer of J. R. Stokes to pay $155 was the best she was able to obtain; that that offer was reasonable and was the full and fair value of the note under the existing circumstances; that the administratrix represented to Stokes that she had the right to sell the note and that "she had consulted the other interested parties and that they all told her to go ahead and sell the note"; and that in buying, Stokes acted in good faith.

At the trial below, after the pleadings had been read, and after introducing in evidence the admission in the pleadings and records referred to in such admissions, plaintiffs moved for judgment thereon. The court allowed the motion and, among other things not here necessary to enumerate, adjudged that the assignment of the note by the administratrix to J. R. Stokes was void and passed no title; that the appointment of the substitute trustee and his sale were void and passed no title, and that the action be dismissed as to U. S. Fidelity & Guaranty Company.

Defendants J. R. Stokes and Alphonso Reed appealed therefrom to the Supreme Court and assigned error.

*P. H. Bell and H. S. Ward for plaintiffs, appellees.*
*C. R. Holmes for defendants, appellants.*

WINBORNE, J. Four questions are presented on this appeal:

1. Can distributees of the estate of the intestate, whose debts are paid, maintain action for waste or *devastavit?*

2. Has an administratrix the right and authority to sell a note, an asset of the estate, at private sale made in good faith and for fair value?

3. Does purchaser of a note, an asset of the estate, at private sale from the administratrix, for fair value and without notice of bad faith, if any, of the administratrix in making sale, obtain a good title?

4. Did the court below err in rendering judgment on the pleadings?

Careful consideration of the record leads to the conclusion that each question must be answered in the affirmative.

1. Until the debts have been paid or the assets of the estate exhausted the estate is not settled, and the duties and obligations of the administratrix continue. C. S., 105. *Creech v. Wilder,* 212 N. C., 162, 193 S. E., 281; *Trust Co. v. McDearman, ante,* 141. Until the settlement and distribution of an estate, the administration is incomplete. *Taylor v. Brooks,* 20 N. C., 273. The appointment of an administrator *de bonis non* is proper only where a vacancy occurs before full administration and distribution of the estate. 24 C. J., 1143. While the administratrix lives and the administration is incomplete, the distributees can maintain an action for alleged waste or *devastavit* committed by her. *University v. Hughes,* 90 N. C., 537, at 541; *Merrill v. Merrill,* 92 N. C., 657, at 662.

2-3. In accordance with a long line of decisions of the Court, administrators, having the legal title to the personal assets of their intestate's estate, may sell or pledge them, or may discount notes of the estate, if the exigencies of the estate make it advisable for them to do so. The parties dealing with them will get a good title and will be protected, provided the transaction be fair and honest. *Tyrrell v. Morris,* 21 N. C., 559; *Gray v. Armistead,* 41 N. C., 74; *Bradshaw v. Simpson,* 41 N. C., 243; *Wilson v. Doster,* 42 N. C., 231; *Polk v. Robinson,* 42 N. C., 235; *Latham v. Moore,* 59 N. C., 167; *Hendrick v. Gidney,* 114 N. C., 543, 19 S. E., 598; *Cox v. Bank,* 119 N. C., 302, 26 S. E., 22.

In *Cox v. Bank,* 119 N. C., 302, the Court said: "Executors have the right to sell or pledge notes of hand as well as chattels, and the sale is no breach of duty, for the purposes of the estate may require such sales, and the purchaser is not held liable for any misapplication of the pro-

ceeds unless collusion between the two appears, as if the sale was to pay an individual debt of the purchaser."

Private sale of choses in action by executor or administrator, if made in good faith, is valid. *Wynns v. Alexander,* 22 N. C., 58; *Cannon v. Jenkins,* 16 N. C., 427; *Gray v. Armistead, supra; Dixon v. Crawley,* 112 N. C., 629, 17 S. E., 158; *Odell v. House,* 144 N. C., 647, 57 S. E., 395.

This Court has spoken in several cases to the question of authority of an administrator to sell property at private sale when there is legislative authority to sell upon order of the court.

In *Tyrrell v. Morris, supra,* it is said: "It cannot be pretended that a sale by an executor is invalid, either in law or equity, because not made at public auction nor under an order of the court specially granted for that purpose. The most that can be required from the purchaser under such circumstances is to repel the presumption that he may have bought at an undervalue."

In *Wynns v. Alexander, supra, Daniel, J.,* stated: "The executor might, before the passage of the act, have sold *bona fide* the goods and chattels of the testator or intestate. The legal title was in him, and an honest purchaser from him would always have acquired a good title. The common law on this subject is not repealed by this act. The statute is only directory, which, however, it would always be well to follow, for, if the executor or administrator fails to obtain as much at private sale as would have been got at public vendue, he or they would have been bound to make good the deficiency out of their own pockets."

In *Odell v. House, supra, Connor, J.,* said: "We assume that his Honor based his opinion upon the provisions of section 67 of The Code (now C. S., 73), permitting executors and administrators to apply to the clerk for an order to sell insolvent evidences of debt and prescribing the manner of making the sale. This provision is first found in our statutes in Laws 1868-69. Prior thereto there was no statute empowering a personal representative to dispose of insolvent choses in action; he was compelled, upon his final account, to return them into court. This statute was enacted to provide a way for the administrator to relieve himself of liability and at the same time realize something from choses in action which, by reason of homestead and exemption laws, were not collectible, but which might. have some prospective value. For many years the statute made it the duty of the administrator to sell all personal property at public sale, after advertisement, but the courts always held that the administrator could sell and pass the title to the personal property of his intestate." Then *Connor, J.,* continues with the above quotation from opinion of *Daniel, J.,* in *Wynns v. Alexander, supra.*

Plaintiffs rely upon C. S., 69, and contend that an administrator is without power to make private sale of any personal property, of whatever character, unless an order of the court be obtained as therein provided. Reference to that statute reveals the expression ". . . may . . . obtain an order to sell . . ." The word "may" as used in statutes in its ordinary sense is permissive and not mandatory. *Rector v. Rector,* 186 N. C., 618, 120 S. E., 195. Therefore, the statute is permissive, and not mandatory. It is manifest that it was enacted for the protection of administrators in making private sales, a course which an administrator may, but is not required to pursue.

4. In the light of what has been said hereinabove, the answer of the defendants J. R. Stokes and Alphonso Reed raises issues of fact which must be submitted to the jury.

The judgment below is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed.

STACY, C. J., took no part in the consideration or decision of this case.