KAREN MARIE MOTYKA, MINOR; FRANCES WANDA MOTYKA, MINOR; ANN ALLEN, MINOR; AND RICHARD ALLEN, MINOR; BY THEIR NEXT FRIEND, LEATA ALLEN BARNES v. J. H. NAPPIER, INDIVIDUALLY AND AS EXECUTOR OF THE WILL OF RALPH ALLEN, DECEASED; CLARENCE M. KIRK AND WIFE, IMOGENE S. KIRK; THOMAS A. BANKS, TRUSTEE; AND TAR HEEL PRODUCTION CREDIT ASSOCIATION, BENEFICIARY

No. 6910SC60

(Filed 19 November 1969)

1. **Cancellation and Rescission of Instruments § 8—    cancellation of executor's deed — action against grantees — sufficiency of complaint**

In this action to set aside and cancel a deed given by an executor to defendants and a deed of trust executed by defendants on the conveyed property, the complaint fails to state a cause of action against defendants where it alleges that plaintiffs are beneficiaries under a will which directed the executor to sell all of the property of the estate, including realty, and to pay the money in accordance with provisions of the will, that a certain tract of land was included in the estate, that for $100 the executor privately executed to one defendant an option to purchase the tract for $31,000, that at the time the option was executed defendants knew that plaintiff beneficiaries had objected to the sale and had demanded notice and an opportunity to be heard before any action to sell was taken, and that the executor thereafter conveyed the property to defendants for $31,000, which price was grossly inadequate, since the executor had the power and duty to sell the property and plaintiffs could impose no legal obligation on him to hear their objections, there were no allegations of fraud or collusion by defendants or that they had knowledge of bad faith or fraud by the executor, and the allegation that the $31,000 paid for the property was inadequate is insufficient to state a cause of action for cancellation of the deed.

2. **Cancellation and Rescission of Instruments §§ 1, 10;    Executors and Administrators § 11—    inadequacy of price — executor's deed**

Mere inadequacy of price standing alone and absent any element of fraud on the part of the purchaser is not sufficient ground for setting aside a sale by an executor unless the inadequacy is so gross as in itself to indicate fraud or an abuse of the power conferred.

APPEAL by plaintiffs from *Hobgood, J.,* 19 August 1968 Session, WAKE Superior Court.

Plaintiffs, who are all minors, bring this action by their next friend to have set aside and canceled a deed from defendant Nappier, as executor, to defendant, Clarence M. Kirk, and to have set aside and canceled a deed of trust from defendants Kirk to defendant Production Credit Association.

Plaintiffs are the beneficiaries under the Fifth, Sixth, and Seventh items of the Will of Ralph Allen who died on or about 18 December 1965, and whose Will was duly probated in Johnston County on 23 December 1965. The defendant Nappier was named as executor in said Will and duly qualified as such on 23 December 1965. The Will provided in item Second as follows: "It is my will and desire and I do direct my executor shall sell all of the property consisting of this estate, including real estate, and when the same has been liquidated, he, after payment of the debts and expenses, shall pay the money in accordance with the following bequests." Thereafter follows specified dispositions of the money, including bequests of percentages of the remainder to the minor plaintiffs.

Included in testator's estate was a tract of land in Wake County consisting of approximately 218 acres which defendant Nappier sold at private sale to defendant Clarence M. Kirk, and upon which defendants Kirk executed a deed of trust to defendant Production Credit Association.

On or about 14 February 1966, and again on or about 3 March 1966, the minor plaintiffs, through their "natural guardians and attorneys," advised defendant Nappier that "they demanded notice and an opportunity to be heard before any action was taken to sell or otherwise dispose of" the Wake County tract of land. On or about 21 March 1966 defendant Nappier, without notice to plaintiffs, executed as executor for $100.00 an option to defendant Clarence M. Kirk to purchase said tract of land for $31,000.00. The option was to expire 31 March 1966. On 28 March 1966, without notice to plaintiffs, defendant Nappier as executor executed and delivered to defendant Clarence M. Kirk a deed reciting consideration of $31,100.00 which conveyed said Wake County tract of land. Also on 28 March 1966 defendants Kirk executed a deed of trust upon said tract to secure their note to defendant Production Credit Association in the amount of $31,000.00. It is this deed and this deed of trust which plaintiff's seek by this action to have set aside and canceled.

Defendants Kirk demurred *ore tenus* to the complaint for failure to allege a cause of action against them. Their demurrer was sus-

tained and a mistrial as to the other defendants was ordered. Plaintiffs appeal from the order sustaining the demurrer of defendants Kirk.

*Liles & Merriman, by John W. Liles, Jr., and Harris, Poe, Cheshire & Leager, by Samuel R. Leager, for plaintiff appellants.*

*Maupin, Taylor & Ellis, by William W. Taylor, Jr., and Susan H. Ehringhaus for defendant appellees Clarence M. Kirk and Imogene S. Kirk.*

PARKER, J.

[1] The allegations of the complaint as they relate to defendants Kirk, except where quoted, may be summarized as follows:

(a) That defendant Nappier was the duly qualified and acting executor of the Will of Ralph Allen, deceased.

(b) That the Will of Ralph Allen directed the executor to sell all of the property of the estate, including real estate.

(c) That at the time of his death Ralph Allen owned a tract of land in Wake County containing about 218 acres.

(d) That on 21 March 1966 defendant Nappier as executor, in consideration of the sum of $100.00, privately executed to defendant Clarence M. Kirk an option to purchase the 218 acre tract in Wake County for the purchase price of $31,000.00.

(e) That at the time of granting the option defendant Nappier advised defendant Clarence M. Kirk of the objections of the plaintiffs to the sale of said property.

(f) That on 23 March 1966 plaintiffs advised defendant Kirk by mail "that said sale was not to the best interest of the beneficiaries, that they objected to the sale of the property described in the above mentioned option and that they would resist said sale and take necessary legal action to avoid said sale."

(g) That on 28 March 1966 defendant Nappier as executor, executed and delivered to defendant Kirk a deed reciting consideration of $31,100.00 conveying the said 218 acre tract.

(h) That at the time of the conveyance defendant Kirk "had written notice that the infant beneficiaries objected to said sale."

(i) That defendants Kirk, on 28 March 1966, executed a deed of trust conveying said 218 acre tract to secure their note in the sum of $31,000.00 to defendant Production Credit Association.

(j)  "That at the time of the granting of the option for the sale of said land, at all times subsequent thereto and at the present time the fair market value of said land was, has been and is reasonably at least $50,000.00."  .

(k)  "That the price of $31,000.00 received at said sale for said property is grossly inadequate, the fair market value thereof being at least $50,000.00."

(l)  "That the granting of an option for the sale and the sale of said lands by said executor to Clarence M. Kirk was contrary to law and equity for the reason that the price at which said land was sold was grossly inadequate, which was known or should have been known to said Executor and to Clarence M. Kirk, and said sale was consummated at a time and in a manner and under circumstances where said Executor and Clarence M. Kirk were fully advised that the minor beneficiaries, plaintiffs herein, objected to said sale, all to the great damage of these minor plaintiffs, beneficiaries under the will of Ralph Allen, deceased."

[1]  The sole question presented by this appeal is whether plaintiffs have stated a cause of action against defendants, Clarence M. Kirk and wife, Imogene S. Kirk, for rescission and cancellation of the deed executed by defendant executor J. H. Nappier. We are of the opinion that the facts alleged in the complaint are not sufficient to constitute a cause of action against the defendants Kirk. The only allegations material to defendants Kirk are that they knew that the plaintiffs had objected to the sale and had demanded notice and an opportunity to be heard before any action to sell was taken; and that the price of $31,000.00 was grossly inadequate.

Even though defendants Kirk were aware at the time the option to purchase the property was executed that plaintiffs had objected generally to the sale and had demanded notice and an opportunity to be heard before any action to sell was taken, these facts would not be sufficient grounds to declare the sale of the property to defendant Clarence M. Kirk null and void and to set aside the deed conveying title to him. The executor had the express power and duty to sell the property and therefore plaintiffs could not impose a legal obligation upon him to hear their objections.

The defendant Kirk purchased the land from the executor who had been directed by the Will to sell all of the property of the estate, including the real estate. Since the executor had express power and duty to sell and there are no allegations of fraud or collusion on the part of defendants Kirk, or that defendants Kirk had knowl-

edge of any bad faith or fraud on the part of the executor, the complaint fails to allege a cause of action against defendants Kirk to have the deed set aside. 33 C.J.S., Executors and Administrators, § 293, p. 1323. See *Felton v. Felton,* 213 N.C. 194, 195 S.E. 533; *Sprinkle v. Hutchinson,* 66 N.C. 450; *Polk v. Robinson,* 42 N.C. 235; *Gray v. Armistead,* 41 N.C. 74.

[2] Also, the allegation that the $31,000.00 paid for the property was inadequate will not provide facts sufficient to overcome the demurrer. Mere inadequacy of price standing alone and absent any element of fraud on the part of the purchaser, is not a sufficient ground for setting aside a sale by an executor unless the inadequacy is so gross as in itself to indicate fraud, or an abuse of the power conferred. 33 C.J.S., Executors and Administrators, § 294, p. 1325. Such was not the case here. It is noteworthy that plaintiffs voiced no objection to the sale on the ground of inadequacy of price until after the sale was consummated, even though they were aware of the terms of the option.

The judgment sustaining the demurrer of defendants Kirk is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.