George Daniel REID; Terence Eason; Robert H. Griswold; Jerry Minter, Plaintiffs–Appellants,

v.

Paul T. KAYYE; I.O. Wilkerson, Jr.; David T. Flaherty, Defendants–Appellees,

and

Johnston County; Johnston County Board of Commissioners; Norman C. Denning; Frank B. Holding; Howard B. Benton; John M. Booker; James W. Cash; Freddy Narron; F.A. Beasley, Defendants.

No. 88–7289.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1989.

Decided July 6, 1989.

Michael Stephen Hamden (North Carolina Prisoner Legal Services; Leonard G. Green, East Central Community Legal Services, on brief) for plaintiffs-appellants.

John R. Corne, Asst. Atty. Gen. (Lacy H. Thornburg, Atty. Gen., on brief), for defendants-appellees.

Before SPROUSE, Circuit Judge, MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

George Daniel Reid, Terence Eason, Robert H. Griswold, and Jerry Minter appeal the district court's dismissal of their 42 U.S.C. § 1983 claim which named several North Carolina state officials as defendants. The district court determined that the state officials' alleged misconduct did not in any way cause the constitutional violations of which appellants complain, and dismissed the action. We find no error and affirm.

George Daniel Reid, a former pretrial detainee at the Johnston County jail in Smithfield, North Carolina, filed suit pursuant to 42 U.S.C. § 1983 to redress unconstitutional conditions and violations of state law that existed at the Johnston County jail. Other inmates were permitted to intervene as plaintiffs. The complaint sought classwide injunctive and declaratory relief, as well as individual damages. Only the dismissal of the individual damage claims has been appealed.

The complaint alleges that a variety of constitutionally infirm conditions exist at the Johnston County jail. The County of Johnston and local government officials associated with the county were named as defendants, along with the appellees who are state officials. Appellee David T. Flaherty is the Secretary of the North Carolina Department of Human Resources

("DHR"), Dr. Paul Kayye was Interim Secretary of DHR from February 26, 1987, to April 8, 1987, and I.O. Wilkerson, Jr., is Director of the Division of Facility Services in DHR. Appellants argue that these state officials were aware of ongoing constitutional violations in the Johnston County jail yet failed to take action to remedy the violations. Appellants further argue that the officials had not only the power but the duty to correct the conditions.

The district court granted appellees' motion for dismissal and partial summary judgment, finding that appellees' conduct did not constitute causation, as required by § 1983, of the contested jail conditions. Appellants then settled the case against the county defendants and proceeded to appeal the state defendants' dismissal.

### I.

■ Under North Carolina law the Secretary of DHR has the duty to develop minimum standards for the operation of local confinement facilities. N.C.Gen.Stat. § 153A–221. The DHR must visit and inspect each facility at least semi-annually pursuant to N.C.Gen.Stat. § 153A–222. Methods of enforcing the minimum standards are set out in N.C.Gen.Stat. § 153A–223 which provides, in pertinent part:

> If an inspection conducted pursuant to G.S. 153A–222 discloses that ... a local confinement facility does not meet the minimum standards published pursuant to G.S. 153A–221 and, in addition, if the Secretary determines that conditions in the facility jeopardize the safe custody, safety, health, or welfare of persons confined in the facility, the Secretary *may* order corrective action or close the facility....

(emphasis added).

The North Carolina Supreme Court has recognized that the word "may," when used in its ordinary sense, is permissive and not mandatory. *Felton v. Felton*, 213 N.C. 194, 195 S.E. 533 (1938); *Rector v.*

*Rector*, 186 N.C. 618, 120 S.E. 195 (1923). Furthermore, "may" normally confers a discretionary power unless there is evidence of a contrary purpose. *Dalton v. U.S.*, 816 F.2d 971, 973 (4th Cir.1987). In the present case there is no evidence that the North Carolina General Assembly intends the Secretary of DHR to have anything more than the discretionary power to act when and if he chooses to use that discretion. Chapter 153A of the North Carolina code is replete with provisions that mandate a duty to act by use of the directive "shall." [1] *See, e.g.*, N.C.Gen.Stat. §§ 153A–221 and 153A–222. We must conclude, therefore, that use of the word "may" in § 153A–223 is purposeful and that DHR officials are not vested with the mandatory duty to remedy substandard jail conditions.

It is well settled that 42 U.S.C. § 1983 provides a remedy for conduct of state officials only if that conduct causes the deprivation of a federally protected right. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because, in the case at bar, appellees had no duty to remedy the challenged jail conditions, their inaction cannot be seen as a cause of those conditions and a § 1983 suit cannot be maintained against them.

### II.

■ Nonetheless, appellants argue that appellees can be held liable for conditions at the jail based on a theory of supervisory liability. It is true that, while the doctrine of *respondeat superior* cannot be invoked in § 1983 cases, supervisory officials may be held liable in certain circumstances for constitutional injuries inflicted by their subordinates. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). Liability in those circumstances is not premised on *respondeat superior* but on a recognition that supervisory indifference or tacit authorization of subordinates' miscon-

---

1. Use of the word "shall" generally indicates a mandatory intent. *City of Edmonds v. U.S. Dept. of Labor*, 749 F.2d 1419, 1421 (9th Cir.

1984); *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir.1977).

duct may be a causative factor in constitutional injuries. *Id.*

North Carolina law does not place appellants in a supervisory position. Rather, the North Carolina General Assembly's policy with respect to local confinement facilities is that the State should provide guidance and assistance to local governments and that the State should help local governments improve the quality of administration of confinement facilities through the provision of services. N.C.Gen.Stat. 153A–216. Inspection, consultation, and technical assistance are examples of such services. *Id.* The legislative policy is clearly aimed at assisting localities, not at controlling or overseeing them. This, combined with the discretionary wording of the enforcement statute as discussed above, leads us to conclude that appellants are not subject to liability. They cannot be considered supervisors because they are not in control of local jails and do not have the responsibility to remedy substandard conditions.

A case very similar to the one at bar is *Bush v. Viterna*, 795 F.2d 1203 (5th Cir. 1986). In *Bush*, county inmates brought a § 1983 suit against the Texas Commission on Jail Standards ("the Commission") alleging that the Commission's failure to promulgate and enforce state jail standards led to unconstitutional jail conditions. The dismissal by the lower court was affirmed because a causal connection between the Commission's inaction and the conditions in local jails was lacking. The *Bush* court examined Texas law and held that a § 1983 suit could not be maintained because the Commission had no legal duty to enforce applicable jail standards. *Bush*, 795 F.2d at 1207.

We have reached the same determination with regard to North Carolina law. We hold, as did the *Bush* court, that supervisory liability cannot extend to state officials "when a state duty to regulate, monitor, inspect, or advise is not accompanied by an obligation to extirpate constitutionally substandard conditions or activities that may be encountered." *Bush*, 795 F.2d at

1208. For this reason the action of the district court is

AFFIRMED.