F. V. HENDRICK, Administrator, v. GIDNEY & WEBB et al.

*Administrator—Unauthorized Transfer of Assets of Estate as Security for Individual Debt—Right of Administrator De Bonis Non.*

1. Where an administrator, before the settlement of the estate, pledged a note belonging to his intestate's estate as collateral security for his individual debt, the transferee having full notice of its character at the time it was transferred, an administrator *de bonis non* of the estate may recover the note from the transferee.
2. In such case the fact that the former administrator, at the time he made the misappropriation, was a creditor and distributee of the estate cannot affect the right of the administrator *de bonis non* to administer upon all the personal property not already administered.

CIVIL ACTION, tried at Spring Term, 1893, of CLEVELAND Superior Court, before *Armfield, J.*

Upon the reading of the complaint and answer and after the jury was impaneled his Honor held that plaintiff was entitled to recover upon the pleadings, and gave judgment accordingly. No issues were submitted. The defendants appealed.

The complaint alleged, in substance, that one W. P. Wray, after qualifying as administrator of E. L. Bostic, filed a petition for license to sell the real estate of intestate for the payment of, debts; an order was granted and at the sale the defendant T. E. McBrayer became the purchaser at the price of $400, of which he paid $100 in cash and gave his note for the balance as follows:

"$300. On February 1, 1892, I promise to pay W. P. Wray, administrator of Eugenia Bostic, deceased, three hundred dollars, with interest at eight per cent. from date,

balance of the purchase-money on the Eugenia Bostic house and lot, adjoining C. R. Doggitt and myself, on LaFayette street, in the town of Shelby, N. C. This note entitles me to a conveyance in fee-simple of the title to said property upon its payment.

"This September 25, 1891.

"T. E. McBRAYER, [Seal.]"

That afterwards the said Wray delivered said note to the defendants Gidney & Webb, without indorsement, as pretended collateral security for individual debts of the said Wray which they had in their hands for collection; that Gidney & Webb had knowledge of the character of said note, the purpose for which given, the representative capacity of the payee, and of the fact that said W. P. Wray had same in his representative capacity only, and that individually he had no rights in or claim upon it, and full knowledge of all the equities existing at the time they received said note from said W. P. Wray; that said W. P. Wray was removed as administrator of said Eugenia Bostic, deceased, for cause upon petition, and the plaintiff on ____ day of _____ duly qualified as administrator and at once entered upon the discharge of his duties as such; that no part of said note has been paid, but all of same, together with interest, is still due and owing the plaintiff by the defendant T. E. McBrayer; that no deed has been made for said lot to said T. E. McBrayer and cannot be under the decree of the Court until the payment of said note, but plaintiff is ready to execute and will execute said deed upon payment of the aforesaid note; that the plaintiff as administrator aforesaid is entitled to the possession of said note and has demanded same of Gidney & Webb, but they have refused to deliver same to plaintiff.

Judgment was demanded against Gidney & Webb for the

possession of said note, and against T. E. McBrayer for the sum of $300, with interest, etc.

The defendants Gidney & Webb in their answer admitted the allegations of the complaint except so much of it as alleged that said note was a pretended collateral and so much as alleged that the plaintiff was entitled to the possession of the note.

For a further answer defendants alleged that the note referred to in the complaint "was delivered to defendants in good faith as collateral security to claims held by defendants Gidney & Webb against the said W. P. Wray and that said claims are still due and owing by the said W. P. Wray.

"That the bond executed by the said W. P. Wray as administrator of E. L. Bostic is good and the whole thereof is collectible.

"That the said E. L. Bostic, at the time of her death, was largely indebted to the said W. P. Wray, and at the time said note was turned over to defendants Gidney & Webb the larger part of the note aforesaid belonged as a matter of law to the said W. P. Wray. That the said W. P. Wray is an heir of E. L. Bostic and as such is entitled to a part of said note.

"That the said W. P. Wray is indebted to F. V. Hendrick, administrator aforesaid, as defendants are informed and believe, and the object of the said F. V. Hendrick is to get possession of the note aforesaid and apply the proceeds thereof to said indebtedness.

"That the said W. P. Wray filed a petition to sell the real estate for which the aforesaid note is given before the Clerk of the Superior Court of Cleveland County, and in said petition he alleged that said indebtedness of his intestate was about $300."

35

HENDRICK *v.* GIDNEY.

*Mr. R. L. Ryburn,* for plaintiff.

*Mr. J. L. Webb,* for defendants (appellants).

MacRAE, J.: The admissions of the defendants entitle
the plaintiff to the judgment rendered by his Honor, there
being no issues for the jury. It is true that administrators
having the legal title to the assets of their intestate's estate
may sell or pledge them, or may discount notes of the
estate, if the exigencies of the estate make it advisable for
them so to do, and that parties dealing with them will be
protected, provided the transaction be fair and honest.
But "it is settled law that when a person gets from an
administrator, or other person acting in a fiduciary capacity,
the trust fund or any part of it as payment of the trustee's
own debt, that person cannot hold the fund from the *cestui
que trust* any more than the original trustee could." *Gray*
v. *Armistead,* 6 Ired. Eq., 74; *Wilson* v. *Doster,* 7 Ired.
Eq., 231.

As between the administrator Wray, who was also a
creditor and a distributee of the estate of his intestate, as
appears by the answer, which we take to be entirely true,
and the defendants, no question might have arisen if the
administrator Wray had settled the estate, paid its debts,
and distributed its assets according to law.

But this administrator has been removed and the plaintiff
is now the administrator *de bonis non;* the duty is devolved
upon him of collecting the assets and disposing of the same
according to law. He finds that the former administrator
has pledged to defendants, as collateral security for the
payment of his own indebtedness, a note belonging to the
estate and bearing notice of its character upon its face.
The fact that the former administrator, at the time he made
this misappropriation of the assets, was a creditor and dis-
tributee of the estate cannot affect the law which requires

of the administrator *de bonis non* to administer upon all of the personal property not already administered.   It is not claimed that there are no other parties interested in the distribution of assets or payment of debts than the former administrator.   It is admitted that this note, representing land sold to pay the debts of the intestate, has been pledged and is now held by the defendants with full notice of its character at the time it was received as collateral for the payment of the individual debts of the former administrator.   The bare statement of the facts carries with it the conclusion that the note belongs to the plaintiff.

Judgment Affirmed.