[No. 2549. Decided April 24, 1897.]

A. B. EASTHAM, *as Administrator, Respondent,* v. C. C.
LANDON *et ux., Defendants,* L. N. WISWALL *et al., Appellants.*

ADMINISTRATOR — RELEASE OF OWN MORTGAGE DUE ESTATE — RIGHTS OF
SUBSEQUENT MORTGAGEE.

The cancellation by an administrator of his own mortgage
due to the estate which he represents, not for the purpose of ap-
plying any moneys due thereon to the benefit of the estate, but
for the purpose of procuring an individual loan by means of
another mortgage upon the property released, is void, and of no
effect against the priority of the mortgage lien existing in favor
of the estate, even if the subsequent mortgagee may have had
no intention of colluding with the administrator in the perpetra-
tion of a fraud in such disposition of the trust estate, but at the
same time had knowledge of facts sufficient to apprise him of
the fraud.

Appeal from Superior Court, Clarke County.—Hon.
A. L. MILLER, Judge.    Affirmed.

*N. H. Bloomfield, George S. Shepherd,* and *W. W. Mc-
Credie,* for appellants:

The legal title to personal property is in the executor
or administrator, and he is the proper person to dispose of
and receive the same and to discharge of record mortgages.
The law casts no duty upon a purchaser to ascertain if he
is mismanaging the estate in fraud of creditors or legatees.
*Weider v. Osborn,* 20 Ore. 307; *Petrie v. Clark,* 11 Serg. &
R. 377 (14 Am. Dec. 636); *Wood's Appeal,* 92 Pa. St. ·379
(37 Am. Rep. 694); 1 Perry, Trusts, 270, 271; 2 Jones,
Mortgages, §§ 919, 959; *Dillaye v. Commercial Bank,*
51 N. Y. 345.

An administrator has the full legal title to all choses in
action due the estate; and, in the absence of fraud, he may

release, compound or discharge them, as fully as if he was the absolute owner. He is as much bound by the laws of estoppel as if he acted in his individual capacity, and is only answerable for improvidence. *Butler v. Gazzam*, 1 South. 16; *White v. Starr*, 13 Pick. 380; *Waring v. Lewis*, 53 Ala. 615; *Woolfork v. Sullivan*, 23 Ala. 548 (58 Am. Dec. 305); *Miller v. Irby's Admr.*, 63 Ala. 477; *Bragg v. Massie's Admr.*, 38 Ala. 89 (79 Am. Dec. 82); *Fambro v. Gantt*, 12 Ala. 298; *Connecticut Mutual Life Ins. Co. v. Talbot*, 113 Ind. 373 (14 N. E. 586, 3 Am. St. Rep. 655). Without fraud or collusion, an administrator may release debts and may exercise general acts of ownership over them in regard to their security or their collection, subject only to his liability on his bond for any mismanagement of such debts. *Latta v. Miller*, 10 N. E. 100; *Underwood v. Sample*, 70 Ind. 446; *Davenport v. First Congregational Society*, 33 Wis. 387; *Stephenson v. Hawkins*, 7 Pac. 198.

It is not incumbent on the purchaser or mortgagee of the assets to see the money properly applied, although he knows he is dealing with an executor. What becomes of the price is of no concern to him, if there be no fraud on the part of the purchaser or mortgagee. 2 Williams, Executors (7th Am. ed.), 906; 1 Perry, Trusts, §§ 225, 226; *Carter v. Manufacturers' Bank*, 71 Me. 448 (36 Am. Rep. 338); *Goodwin v. American Bank*, 48 Conn. 550; *Whale v. Booth*, 4 T. R. 625.

Did the parties deal with the administrator in good faith, believing that the money paid went into the estate? If so, that ends the controversy. "If a party dealing with an executor for the personal assets pays his money to the executor, so that it may be applied to the purposes of the will, he is not responsible for the executor's misapplication of it." *Fifth National Bank v. Village of Hyde Park*,

101 Ill. 595 (40 Am. Rep. 218); *Field v. Schieffelin*, 7 Johns. Ch. 150 (11 Am. Dec. 441); *Sutherland v. Brush*, 7 Johns. Ch. 18 (11 Am. Dec. 383); *Carpenter v. McBride*, 3 Fla. 292 (52 Am. Dec. 379); *Hutchins v. State Bank*, 12 Metc. (Mass.) 421; *Isom v. First National Bank*, 52 Miss. 917.

*Coovert & Stapleton*, for respondent:

An executor can make no valid pledge or sale of assets of estate in payment of his own obligations, on the principle that the transaction itself gives the purchaser or mortgagee notice of the misapplication, and necessarily involves his participation in the breach of duty. *Hendrick v. Gidney*, 19 S. E. 598; *Gray v. Armistead*, 6 Ired. Eq. 74; *Wilson v. Doster*, 7 Ired. Eq. 231; *Smith v. Ayer*, 101 U. S. 320; 2 Williams, Executors, 799, 800. "Any person receiving from an executor the assets of his testator, knowing that this disposition of them is a violation of his duty, is to be adjudged as conniving with the executor, and such person is responsible for the property thus received, either as purchaser or pledgee." *Colt v. Lasnier*, 9 Cow. 320; *Miller v. Williamson*, 5 Md. 219; *Thomasson v. Brown*, 43 Ind. 203; *Field v. Schieffelin*, 7 Johns. Ch. 150 (11 Am. Dec. 441); *Sutherland v. Brush*, 11 Am. Dec. 388, notes and authorities.

The opinion of the court was delivered by

GORDON, J.—The record in this case discloses the following facts: On the 31st of October, 1889, C. C. Landon and Katie Landon, his wife, executed and delivered to D. W. Black a promissory note in the sum of $2,500, secured by a mortgage of even date therewith upon lots 3 and 4, block 4, in the town of West Vancouver, Clarke county, which mortgage was duly recorded. On the 1st of January, 1892, said Black died intestate and thereafter the said

C. C. Landon was appointed as administrator of his estate, and served as such until October 1, 1895, at which time he was removed and the respondent was duly appointed adminstrator *de bonis non*. In the month of September, 1892, Landon and wife borrowed from the appellant Bellows, through appellant McCredie, agent for Bellows, the sum of $1,500, and to secure payment of said sum, executed and delivered to Bellows a mortgage upon lot 3 above referred to. Prior to the execution of the last mentioned mortgage, Landon, as administrator of the Black estate, with full knowledge upon the part of appellant McCredie, wrote upon the margin of the record of the mortgage owned by the Black estate the words, " Cancelled as to lot 3 in block No. 4, West Vancouver, Clarke County, Washington," signing " C. C. Landon, Administrator of the Estate of D. W. Black, deceased "; and some two years later Landon, as administrator, without other consideration, executed a formal release to himself and wife of the mortgage as to said lot 3, which release was thereafter duly recorded. As further security for the loan from Bellows, Landon assigned and transferred a note secured by a mortgage on other property, which mortgage was junior to a mortgage held thereon by McMasters and Burrell. It further appears that, at and prior to negotiating the loan last mentioned, McCredie knew that Landon was administrator of the estate of D. W. Black, and that he was the maker of the mortgage which, as administrator, he attempted to cancel in the manner hereinbefore set forth; that, at the time of applying for the loan, Landon stated to McCredie that he desired the money for the purpose of applying the same as a part payment on the note and mortgage due from him to the Black estate. No part of the money was so applied. Thereafter the mortgage executed by Landon and wife to Bellows was assigned to the appel-

lant Wiswall. From a decree of the superior court in favor of the respondent, setting aside the cancellation and discharge of the mortgage as to lot 3, and decreeing a foreclosure thereof, the present appeal was taken.

Upon the part of the appellants it is contended that the attempted release and cancellation of the Black mortgage as to lot 3 was valid, and the mortgage thereon subsequently executed to Bellows created a first mortgage lien thereon; that the cancellation of the Black mortgage as to said lot 3 was in consideration of $1,500, paid by McCredie as agent for Bellows upon the mortgage executed to Bellows by Landon and wife; that there was no collusion or fraud on the part of appellants, and that the respondent should look to the bondsmen of the administrator; that the only person authorized to cancel or satisfy the mortgages of record due to an estate is the executor or administrator of the estate, and that the law cast no duty upon a purchaser to ascertain if the executor or administrator has mismanaged the estate in fraud of creditors or legatees.

Sec. 961, Code Proc. (2 Hill's Code), is as follows:

" The naming of any person as executor in a will, or the appointment of any person as administrator, shall not operate as a discharge from any just claim which the testator or intestate had against the executor or administrator, but the claim shall be included in the inventory, and the executor and administrator shall be liable to the same extent as he would have been had he not been appointed executor or administrator."

The money received by Landon in consequence of his mortgage to Bellows was not received by him in his representative capacity. It was received in exchange for a mortgage upon his individual property. It was not loaned to the estate of which he was administrator, and, so far as the record shows, it never went into his hands as administrator of the estate. With full knowledge of his represen-

tative capacity, and knowing that the law exacted of the administrator the utmost good faith, McCredie made no effort to see that the money borrowed by Landon on his individual property was paid or credited upon the claim held by the estate.   McCredie knew that Landon, as administrator, was attempting to cancel or release from the lien of the mortgage due to the estate a portion of the property covered by that mortgage for the purpose of enabling him individually to borrow money thereon.   The attempt on Landon's part to cancel the mortgage as to a part of the property constituted a fraud upon the estate, and it can make no difference in law that McCredie, who knew all of the facts, did not intend that result to follow. It is enough that with full knowledge of the facts he made it possible for the fraud to be consummated.   The surrender by Landon of the estate's security for his personal benefit constituted a fraud upon the estate.   And the facts sufficiently informed McCredie that Landon was committing a fraud upon the estate.

Counsel for the appellants ask, "If Landon could not cancel the mortgage, who could?"   We answer that the law gave him no right to apply the securities of the estate to his own private advantage.   Suppose that Landon, instead of releasing the mortgage security, had sold or assigned it as security for his individual debt.   The purchaser or creditor accepting it would have been chargeable with notice that the administrator was making a disposition of the trust estate inconsistent with the object of the trust and the transfer would be ineffectual.

"It is settled law, that when a person gets from an administrator, or other person, acting in a fiduciary capacity, the trust fund, or any part of it, as payment of the trustee's own debt, that person cannot hold the fund from the *cestui que trust*, any more than the original trustee could." *Wilson v. Doster*, 7 Ired. Eq. 231; *Gray v. Armistead*, 6

Ired. Eq. 74; *Hendrick v. Gidney*, 114 N. C. 543 (19 S. E. 598); *Smith v. Ayer*, 101 U. S. 320; *Williamson v. Branch Bank*, 7 Ala. 906 (42 Am. Dec. 617); 7 Am. & Eng. Enc. Law, pp. 292-3, and the authorities there cited.

That principle is applicable to the facts in the present case, and the decree will be affirmed.

SCOTT, C. J., and ANDERS, J., concur.