Battle, J.,
 

 after stating the case as above, proceeded as follows: The only ground of defence taken by the counsel for the defendants in the Court below and in this Court is, that the relat- or was estopped by the petition for partition to which he was a party, from saying that the defendant John Fanshaw ever held the slaves afterwards as administrator. That position is fully sustained by the case of
 
 Armfield
 
 v.
 
 Moore,
 
 decided at this term. The allegation that the relator was a lunatic, and therefore not estopped, can make no difference; because the judgment, until reversed, concludes that fact as well as every other. There is another ground also upon which we think the defendants are clearly not liable. The administrator clearly had a light to take the slaves in order to raise the money, either by the hire or sale of them, if necessary to pay debts. But if there were no debts, or if debts existed and the money and the proceeds of the sales of the perishable property were sufficient to pay them, tlie.administrator was not bound to take the slaves and keep them for two years, but might deliver them over immediately to the next of kin. So in effect we think he did, when he joined as one of the next of kin in the petition for the sale of the slaves, in order that partition
 
 *169
 
 might be made of them. He was appointed by the Court a commissioner to sell them, and to sell them at a particular place, and upon a certain credit, and to make a report thereof to the Court. He did sell at the place and upon the terms specified in the order, and the record shows that at August Term, 1850, he made a report which was confirmed by the Court. So far he appears to have acted under the authority of the Court as a commissioner to malee a'sale of the slaves; and as such he and his sureties were certai^y not liable upon his administration bond for his default. But with his account of sales of the perishable property of his intestate, he returned an account of the sales of the slaves as having been made by him as administrator. Are he and his sureties concluded by that return? We think not.
 
 Yarbrough
 
 v. Harris, 3 Dev. Rep. 40. As administrator he had no rightful authority to sell the slaves until he had obtained an order of-the County Court for that purpose — 1 Rev. Stat. ch. 46 sec. 11; and it is not pretended that he ever did obtain such an order. The act of the defendant, John Fanshaw, in making sale of the slaves must then be referred to his rightful authority; and his sureties cannot be made liable on his administration bond, merely because he made a mistake in returning his account of the sales of the slaves, as having been made by him as administrator.
 

 The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Pee. Cueiam. Judgment reversed.