W. R. ODELL v. MARTHA and JOHN HOUSE.

(Filed 22 May, 1907).

**Administrators—Evidence of Debt—Private Sale—Price—Burden of Proof.**—Revisal, sec. 66, providing the hours, etc., of sale by administrators, etc., does not apply to private sales; and section 67 of The Code, permitting executors, administrators, etc., to apply to the Clerk for an order to sell insolvent's evidences of indebtedness and prescribing the manner of sale, is directory, and it is well to follow it; in the absence of fraud or collusion, it is error in the Court below to sustain a demurrer to the evidence upon the ground that the administrator sold certain notes of his intestate at private sale, without order of Court. The burden of proof is upon the administrator to show that he obtained a fair and full price.

CIVIL ACTION, tried before *O. H. Allen, J.,* and a jury, at October Term, 1906, of the Superior Court of MADISON County.

Plaintiff sues upon certain notes executed by defendants, payable to H. T. Rumbough, the consideration being the purchase-money of a parcel of land, for the conveyance of which, upon payment of the notes, the payee executed a bond. Subsequent to their execution, Rumbough died and his duly appointed administrator made private sale of said notes to the plaintiff, delivering them into his possession. At the trial the plaintiff produced the notes and tendered to the defendants a deed for the land, executed by the administrator. He introduced the witness who made the purchase, showing that he purchased them at a private sale from the administrator. It was admitted that no order for the sale was made by the Court. The defendants demurred to the evidence. Demurrer sustained. Plaintiff excepted and appealed.

*George A. Shuford* and *Shepherd & Shepherd* for plaintiff. No counsel *contra.*

CONNOR, J., after stating the facts: The case on appeal states that his Honor was of the opinion that the sale of the

notes by the administrator was without authority of law and void. We were not favored with any argument or brief by the appellee. We assume that his Honor based his opinion upon the provisions of section 67 of The Code, permitting executors and administrators to apply to the Clerk for an order to sell insolvent evidences of debt and prescribing the manner of making the sale. This provision is first found in our statutes, in Laws 1868-'69. Prior thereto there was no statute empowering a personal representative to dispose of insolvent choses in action; he was compelled, upon his final account, to return them into court. This statute was enacted to provide a way for the administrator to relieve himself of liability and at the same time realize something from choses in action which, by reason of homestead and exemption laws, were not collectible, but which might have some prospective value. For many years the statute made it the duty of the administrator to sell all personal property at public sale, after advertisement, but the courts always held that the administrator could sell and pass the title to the personal property of his intestate. The law is laid down by *Mr. Justice Daniel* in *Wynns v. Alexander,* 22 N. C., 58. After noticing the language of the statute, he says: "The executor might, before the passage of the act, have sold *bona fide* the goods and chattels of the testator or intestate. The legal title was in him, and an honest purchaser from him would always have acquired a good title. The common law on this subject is not repealed by this act. The statute is only directory, which, however, it will always be well to follow, for, if the executor or administrator fails to obtain as much at private sale as would have been got at public vendue, he or they would have been bound to make good the deficiency out of their own pockets." A note is attached to the report of this case (Ed. 1860) by *Judge Battle,* explaining the language used in *Fanshaw v. Fanshaw,* 44 N. C., 166, which apparently con-

flicts with the language of *Judge Daniel.* The decision in
*Wynn's case* is peculiarly applicable because the property in
controversy was a slave, and the statute, like that regarding
choses in action, required the administrator to obtain an
order from the County Court to sell. In *Gray v. Armistead,*
41 N. C., 74, *Pearson, J.,* says: "The exigency of estates
sometimes makes a sale of notes necessary." *Dickson v.
Crawley,* 112 N. C., 632; *Cox v. Bank,* 119 N. C., 305.
There is no suggestion of any fraud or collusion between the
administrator and the purchaser. Section 66, Revisal, pro-
vides that all *public* sales shall be between certain hours, and
imposes a penalty upon one who shall make a sale otherwise.
This does not apply to private sales. They are, of course,
made at the risk of the administrator, putting upon him the
burden of showing that he obtained a full and fair price.
The judgment of nonsuit must be vacated and the cause
heard upon its merits.

New Trial.